IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES D. EASLEY, : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 3:CV-05-1632 |
| : | (JUDGE KOSIK) |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, : | |
| et al., : | |
| Defendants. : | |

## MEMORANDUM AND ORDER

AND NOW, THIS 10th DAY OF NOVEMBER, 2005, IT APPEARING TO THE COURT THAT:

[1] On August 11, 2005, plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 1983, against the Pennsylvania Board of Probation and Parole, the Pennsylvania Department of Corrections ("DOC"), Jeffrey Beard, Ph.D., Secretary of the DOC, James Wynder, Superintendent at the State Correctional Institution at Dallas, Pennsylvania ("SCI Dallas"), Ben Barsh, Acting Unit Manager at SCI Dallas, and Louise Cicerchia, a counselor at SCI Dallas;

[2] the matter was assigned to United States Magistrate Judge Thomas M. Blewitt;

[3] Easley's complaint asserts that the defendants: (1) violated the *Ex Post Facto* clause of the Constitution by applying provisions of the 1996 amended parole standards to deny him parole based upon his failure to complete a Sex Offender Treatment Program ("SOTP"); (2) violated his Fifth Amendment right against self-incrimination by requiring that he participate in SOTP and

acknowledge his guilt of a sex crime; (3) violated his substantive due process rights and retaliated against him by not recommending Easley for parole based upon his refusal to participate in SOTP; and, (4) violated his equal protection rights by requiring that sex offenders, and not other inmates, admit their guilt in order to be considered for parole;

[4] the complaint requests release from confinement, an injunction prohibiting the defendants from harassing, threatening, or transferring Easley, and an award of damages totaling $50,000 per day from December 12, 2001 forward;

[5] on September 15, 2005, Magistrate Judge Blewitt reviewed the plaintiff's complaint pursuant to 28 U.S.C. § 1915(c)(2) and issued a Report and Recommendation suggesting that we: (1) dismiss Easley's *Ex Post Facto* claims without prejudice to permit the plaintiff to file a habeas petition on the issue after exhausting state court remedies; (2) dismiss the remainder of the plaintiff's complaint for failure to state a claim upon which relief may be granted; and, (3) dismiss all claims against the individual defendants for failure to state a cognizable claim and for failure to allege personal involvement;

[6] neither the plaintiff, nor the defendants, filed objections to the Report and Recommendation.

IT FURTHER APPEARING THAT:

[7] if no objections are filed to a Magistrate Judge's Report and Recommendation, the court need not conduct a *de novo* review of the plaintiff's claims. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S.Ct. 466 (1985). Nonetheless, the usual practice of the district court is to give

"reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3rd Cir. 1987);

[8] having examined the Magistrate Judge's Report and Recommendation, we agree with his recommendations;

[9] we concur with the Magistrate Judge's analysis of the issues raised in the defendants' motion and find the Magistrate Judge's review of the record to be comprehensive;

[10] specifically, we agree with the Magistrate Judge's conclusion that the plaintiff's *Ex Post Facto* claim seeking release from confinement is not cognizable under 42 U.S.C. § 1983, and may only be pursued in a petition for writ of habeas corpus after exhaustion of state court remedies.  *See Wilkinson v. Dotson*, 125 S.Ct. 1242, 1246 (2005) (holding that § 1983 action will not lie where prisoner seeks either immediate release or shortening of prison term);

[11] we further agree that the plaintiff's self incrimination claims are baseless as he has not alleged, and cannot show, that an admission of guilt for a crime committed 25 years ago could result in new criminal charges, lengthier incarceration, or other "collateral consequences";

[12] the Magistrate Judge appropriately determined that Easley's due process rights were not violated as a prisoner has no liberty interest in parole. *Parker v. Winder*, 2005 WL 2100690, 3 (M.D.Pa.);

[13] finally, we agree with Magistrate Judge Blewitt that Easley's equal protection claim should be dismissed as he acknowledged that he received the same treatment as other similarly situated individuals incarcerated for sex crimes.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated September 15, 2005 (Doc. 49) is **adopted**;

[2] the plaintiff's *Ex Post Facto* claim against defendant, Pennsylvania Board of Probation and Parole, is dismissed without prejudice to re-file as a petition for writ of habeas corpus after exhaustion of state court remedies;

[3] the plaintiff's remaining claims, the Fifth Amendment self incrimination claim and his Fourteenth Amendment due process and equal protection claims, are dismissed;

[4] all claims against the individual defendants, Jeffrey Beard, Ph.D., James Wynder, Ben Barsh, and Louise Cicerchia, and against the plaintiff, James D. Easley, are dismissed; and,

[5] the Clerk of Court is directed to close this case, and forward a copy of this Memorandum and Order to the Magistrate Judge.

                                          s/Edwin M. Kosik
                                          United States District Judge